IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  19-cr-435 CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  YAGUANG QI,
    a/k/a "James Qi,"

      Defendant.

---

## INDICTMENT

---

The Grand Jury charges:

### <u>COUNTS 1 – 14</u>
### Introduction into Interstate Commerce of Misbranded Drugs

1.    At all times relevant to the Indictment, the defendant, YAGUANG QI, also known as "James Qi" identified himself as a sales representative for Xi'an Lyphar Biotech Co., Ltd. ("Lyphar"), a Chinese company that held itself out as exporting chemicals to the United States.

2.    On or about the dates identified below for each individual count, in the State and District of Colorado and elsewhere, defendant, YAGUANG QI, with intent to defraud and mislead, did cause the introduction and delivery for introduction into interstate commerce the drugs identified below for each individual count, which drugs

1

were misbranded (a) as defined in Title 21, United States Code, Section 352(f)(1), in

that the labeling failed to bear adequate directions for use, (b) as defined in Title 21,

United States Code, Section 352(a), in that the labeling was false and misleading, or

both, as indicated in the chart below for each individual count.

| Count | Date | Drug | Basis for Misbranding |
|---|---|---|---|
| 1 | October 10, 2018 | Tianeptine | Inadequate directions for use |
| 2 | November 1, 2018 | Andarine (S-4) | Inadequate directions for use and false and misleading labeling |
| 3 | November 1, 2018 | LGD-4033 | Inadequate directions for use and false and misleading labeling |
| 4 | November 1, 2018 | Ostarine | Inadequate directions for use and false and misleading labeling |
| 5 | November 1, 2018 | MK-677 | Inadequate directions for use and false and misleading labeling |
| 6 | November 26, 2018 | RAD140 | Inadequate directions for use and false and misleading labeling |
| 7 | November 26, 2018 | GW501516 | Inadequate directions for use and false and misleading labeling |
| 8 | February 19, 2019 | Phenibut | Inadequate directions for use |
| 9 | February 19, 2019 | Tianeptine | Inadequate directions for use |
| 10 | February 26, 2019 | Oxiracetam | Inadequate directions for use and false and misleading labeling |
| 11 | February 26, 2019 | Aniracetam | Inadequate directions for use and false and misleading labeling |

| 12 | February 26, 2019 | IDRA-21 | Inadequate directions for use and false and misleading labeling |
| 13 | February 26, 2019 | Noopept | Inadequate directions for use |
| 14 | April 18, 2019 | S-23 | Inadequate directions for use and false and misleading labeling |

The foregoing was in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

### COUNTS 15 – 28
**Introduction into Interstate Commerce of Unapproved New Drugs**

3.      Paragraph 1 is incorporated by reference.

4.      On or about the dates identified below for each individual count, in the State and District of Colorado and elsewhere, the defendant, YAGUANG QI, with intent to defraud and mislead, did cause the introduction and delivery for introduction into interstate commerce the drugs identified below for each individual count, which were new drugs within the meaning of Title 21, United States Code, Section 321(p)(1), that were not the subjects of FDA-approved marketing applications as required by Title 21, United States Code, Section 355(a), and were not otherwise exempt from such FDA-approval requirements.

| Count | Date | Unapproved New Drug |
|---|---|---|
| 15 | October 10, 2018 | Tianeptine |
| 16 | November 1, 2018 | Andarine (S-4) |
| 17 | November 1, 2018 | LGD-4033 |

| 18 | November 1, 2018 | Ostarine |
| 19 | November 1, 2018 | MK-677 |
| 20 | November 26, 2018 | RAD140 |
| 21 | November 26, 2018 | GW501516 |
| 22 | February 19, 2019 | Phenibut |
| 23 | February 19, 2019 | Tianeptine |
| 24 | February 26, 2019 | Oxiracetam |
| 25 | February 26, 2019 | Aniracetam |
| 26 | February 26, 2019 | IDRA-21 |
| 27 | February 26, 2019 | Noopept |
| 28 | April 18, 2019 | S-23 |

The foregoing was in violation of Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(2), and Title 18, United States Code, Section 2.

## <u>COUNTS 29 – 40</u>
### Facilitating the Transportation, Concealment, and Sale of Unlawful Imports

5.     Paragraph 1 is incorporated by reference.

6.     On or about the dates identified below for each individual count, in the State and District of Colorado and elsewhere, the defendant YAGUANG QI, did knowingly and fraudulently facilitate the transportation, concealment, and sale of merchandise after importation, that is, the drug identified for each individual count, knowing the same to have been imported or brought into the United States contrary to law, that is contrary to Title 21, United States Code, Section 331(a) (prohibiting the introduction into interstate commerce of drugs that were misbranded pursuant to Title

4

21, United States Code, Sections 352(f)(1) and 352(a)), and Title 21, United States Code, Sections 331(d) and 355(a) (prohibiting the introduction into interstate commerce of unapproved new drugs).

| Count | Date | Drug Imported Contrary to Law |
|-------|------|-------------------------------|
| 29 | October 10, 2018 | Tianeptine |
| 30 | November 1, 2018 | Andarine (S-4) |
| 31 | November 1, 2018 | LGD-4033 |
| 32 | November 1, 2018 | Ostarine |
| 33 | November 1, 2018 | MK-677 |
| 34 | February 19, 2019 | Phenibut |
| 35 | February 19, 2019 | Tianeptine |
| 36 | February 26, 2019 | Oxiracetam |
| 37 | February 26, 2019 | Aniracetam |
| 38 | February 26, 2019 | IDRA-21 |
| 39 | February 26, 2019 | Noopept |
| 40 | April 18, 2019 | S-23 |

The foregoing was in violation of Title 18, United States Code, Sections 545 and 2.

## COUNTS 41 – 42
### Unlawful Importation

7.      Paragraph 1 is incorporated by reference.

8.      On or about the dates identified below for each individual count, in the State and District of Colorado and elsewhere, the defendant, YAGUANG QI, did knowingly and fraudulently cause to be imported and brought into the United States merchandise, that is, the drug identified for each individual count, contrary to law, that

is, contrary to Title 21, United States Code, Section 331(a) (prohibiting the introduction

into interstate commerce of drugs that were misbranded pursuant to Title 21, United

States Code, Sections 352(f)(1) and 352(a)), and Title 21, United States Code, Sections

331(d) and 355(a) (prohibiting the introduction into interstate commerce of unapproved

new drugs).

| Count | Date | Drug Imported Contrary to Law |
|-------|------|-------------------------------|
| 41 | November 26, 2018 | RAD140 |
| 42 | November 26, 2018 | GW501516 |

The foregoing was in violation of Title 18, United States Code, Sections 545 and

2.

## FORFEITURE

9.      The allegations contained in Counts 29 through 42 of this Indictment

hereby are re-alleged and incorporated by reference for the purpose of alleging

forfeiture pursuant to the provisions of Title 18, United States Code, Section

982(a)(2)(B).

10.      Upon conviction of the violation of Title 18, United States Code, Section

545, alleged in Counts 29 through 42 of this Indictment, the defendant YAGUANG QI

shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(2) any and all of the defendant's right, title, and interest in all property

constituting and derived from any proceeds obtained directly and indirectly as a result of

such offense, including but not limited to, entry of a money judgment in the amount of proceeds obtained by the offenses and by the defendant.

11.     If any of the property described above, as a result of any act or omission of YAGUANG QI cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, at third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of YAGUANG QI up to the value of the forfeitable property.

A True Bill:

Ink signature on file in Clerk's office
Foreperson

Jason R. Dunn
United States Attorney

By:     /s/ Anna K. Edgar
        Anna K. Edgar
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: 303-454-0200
        Facsimile: 303-454-0402
        E-mail: Anna.Edgar@usdoj.gov
        Attorney for the United States

7

DEFENDANT:   YAGUANG QI, A/K/A JAMES QI

AGE/YOB: unknown

ADDRESS: People's Republic of China

COMPLAINT FILED?   _____ YES   ____X____ NO

    IF YES, PROVIDE MAGISTRATE CASE NUMBER:   _____

HAS DEFENDANT BEEN ARRESTED
ON COMPLAINT?                                      _____  YES   ___X___  NO

OFFENSES:   Counts 1 through 14: 21 U.S.C. §§ 331(a) and 333(a)(2),
Introducing or Delivering for Introduction a Misbranded Drug in
Interstate Commerce
Counts 15 through 28: 21 U.S.C. §§ 331(d), 355(a), and 333(a)(2),
Introducing or Delivering for Introduction an Unapproved New Drug
in Interstate Commerce
Counts 29 through 40: 18 U.S.C. § 545, Facilitating the Sale of
Unlawfully Imported Merchandise
Counts 41 through 42: 18 U.S.C. § 545, Unlawful Importation

LOCATION OF OFFENSES: Douglas County, Colorado

PENALTY:   Counts 1 through 28: For each count: Imprisonment of NMT 3
years, a fine of NMT $250,000, or both fine and imprisonment;
$100 special assessment; and a term of supervised release NMT 1
year.
Counts 29 through 42: For each count: Imprisonment of NMT 20
years, a fine of NMT $250,000, or both fine and imprisonment;
$100 special assessment; a term of supervised release NMT 3
years.

AGENT:   Daniel Allgeyer
Special Agent, FDA-OCI

AUTHORIZED BY:  Anna Edgar, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:   ___X___  over five days

THE GOVERNMENT will seek detention in this case based on 18 U.S.C. § 3142(f)(2).

The statutory presumption of detention is not applicable to this defendant.